IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INDIANA REGIONAL MEDICAL CENTER       :
                                      :
    Plaintiff,                        :
                                      :
                                      : CIVIL ACTION NO. 2:13-cv-01796-DSC
                                      :
INTERNATIONAL UNION OF                :
OPERATING ENGINEERS,                  :
LOCAL 95-95A, AFL-CIO                 :
                                      :
    Defendant.                        :

## ANSWER AND COUNTERCLAIM FOR ENFORCEMENT OF ARBITRATION AWARD

AND NOW comes the Defendant, International Union of Operating Engineers, Local 95-95A, AFL-CIO, by its attorney, Marianne Oliver, and GILARDI OLIVER & LOMUPO who files its Answer and Counterclaim for Enforcement of Arbitration Award, averring as follows:

## ANSWER

    1.    The averments set forth in the first paragraph of the Plaintiff's Complaint are admitted.

    2.    The averments set forth in the second paragraph of the Plaintiff's Complaint are admitted.

    3.    The averments set forth in the third paragraph of the Plaintiff's Complaint are admitted.

    4.    The averments set forth in the fourth paragraph of the Plaintiff's Complaint are admitted.

    5.    The averments set forth in the fifth paragraph of the Plaintiff's Complaint are admitted.

6. The averments set forth in the sixth paragraph of the Plaintiff's Complaint are admitted.

7. The averments of fact set forth in the seventh paragraph of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that the contract language cited is a portion of the language of Article 2; it is denied that the contract language cited represents Article 2 in its entirety.

8. The averments set forth in the eighth paragraph of the Plaintiff's Complaint are denied.

9. The averments set forth in the ninth paragraph of the Plaintiff's Complaint are denied.

10. The averments set forth in the tenth paragraph of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Douglas Clayton began working for the Employer in May of 1991; the remainder of the averments of Paragraph 10 are denied.

11. The averments of Paragraph 11 of the Plaintiff's Complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 11 are, therefore, denied.

12. The averments of Paragraph 12 of the Plaintiff's Complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 12 of the Plaintiff's Complaint are, therefore, denied.

13. The averments of Paragraph 13 of the Plaintiff's Complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as

stated; the arbitrator's award speaks for itself. The averments of paragraph 13 are, therefore, denied.

14. The averments of Paragraph 14 of the Plaintiff's Complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 14 are, therefore, denied.

15. The averments of Paragraph 15 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 15 are, therefore, denied.

16. The averments of Paragraph 16 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 16 are, therefore, denied.

17. The averments of Paragraph 17 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 17 are, therefore, denied.

18. The averments of Paragraph 18 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 18 are, therefore, denied.

19. The averments of Paragraph 19 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 19 are, therefore, denied.

20. The averments of Paragraph 20 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 20 are, therefore, denied.

21. The averments of Paragraph 21 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 21 are, therefore, denied.

22. The averments of Paragraph 22 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 22 are, therefore, denied.

23. The averments of Paragraph 23 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 23 are, therefore, denied.

24. . The averments of Paragraph 24 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as

stated; the arbitrator's award speaks for itself. The averments of paragraph 24 are, therefore, denied.

25. The averments of Paragraph 25 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 25 are, therefore, denied.

26. The averments of Paragraph 26 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 26 are, therefore, denied.

27. The averments of Paragraph 27 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 27 are, therefore, denied.

28. The averments of Paragraph 28 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 28 are, therefore, denied.

29. The averments of Paragraph 29 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 29 are, therefore, denied.

30. The averments of Paragraph 30 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 30 are, therefore, denied.

31. The averments of Paragraph 31 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 31 are, therefore, denied.

32. The averments of Paragraph 32 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 32 are, therefore, denied.

33. The averments of Paragraph 33 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 33 are, therefore, denied.

34. The averments of Paragraph 34 of the Plaintiff's complaint are denied.

35. The averments of Paragraph 35 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 35 are, therefore, denied.

36. The averments of Paragraph 36 of the Plaintiff's complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as

stated; the arbitrator's award speaks for itself. The averments of paragraph 36 are, therefore, denied.

37. The averments of Paragraph 37 of the Plaintiff's Complaint are denied as stated. The plaintiff's characterization of portions of the testimony at the arbitration hearing is denied as stated; the arbitrator's award speaks for itself. The averments of paragraph 37 of the Complaint are therefore denied.

38. The averments of Paragraph 38 of the Complaint are admitted.

39. The averments of Paragraph 39 of the Complaint are denied as stated; the collective bargaining agreement speaks for itself.

40. The averments of Paragraph 40 of the Complaint are denied as stated. To the contrary, the grievance provides that Clayton's unjust termination violates all articles of the contract that may apply. A true and correct copy of the grievance is attached hereto as Exhibit 1.

41. The averments of Paragraph 41 of the Complaint are admitted.

42. The averments of Paragraph 42 of the Complaint are admitted.

43. The averments of Paragraph 43 of the Complaint are denied as stated. The Employer's post-hearing brief speaks for itself.

44. The averments of Paragraph 44 of the Complaint are denied as stated. The arbitrator's award speaks for itself.

45. The averments of Paragraph 45 of the Complaint are denied.

46. The averments of Paragraph 46 of the Complaint are denied.

47. The averments of Paragraph 47 of the Complaint are denied.

48. The averments of Paragraph 48 of the Complaint are denied.

49. The averments of Paragraph 49 of the Complaint are denied.

50. The averments of Paragraph 50 of the Complaint are denied.

### FIRST DEFENSE

This action to vacate a binding labor arbitration award is without legal justification and the Plaintiff has no reasonable chance to prevail. As such, Defendant is entitled to an award of its attorney's fees and costs in defending this action.

**WHEREFORE**, Defendant requests:

a) That Plaintiff's Complaint be dismissed with prejudice in as much as the Complaint fails to allege a claim upon which relief can be granted;

b) That this Court issue declaratory and injunctive relief upholding and enforcing the arbitration award;

c) That Defendant be awarded its attorney's fees and costs in defending this action; and

d) That this Court grant such other relief as may be just and proper.

### FIRST COUNTERCLAIM FOR ENFORCEMENT OF AN ARBITRATION AWARD OF ARBITRATOR JAMES C. DUFF

**AND NOW** comes the Counterclaim Plaintiff, International Union of Operating Engineers Local 95-95A, AFL-CIO ("Union) by its attorneys, who files this First Counterclaim for Enforcement of an Arbitration Award against Indiana Regional Medical Center. averring as follows:

51. The averments of the Union's Answer to the Complaint are incorporated by reference as if fully set forth herein.

52. The Union brings this action pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq.

53. Venue is proper in this judicial district since both parties conduct business in this judicial district and the underlying arbitration occurred in this judicial district.

54. The collective bargaining agreement between the parties provides for binding arbitration of grievances.

55. On November 18, 2013, Arbitrator James C. Duff issued his arbitration award.

56. Indiana Regional Medical Center. has refused to comply with the arbitration award.

57. The award of Arbitrator Duff should be upheld and enforced for the following reasons:

   a) The parties have agreed that arbitration awards issued under the collective bargaining agreement are binding upon the parties;

   b) Arbitrator Duff's award draws its essence from the terms of the collective bargaining agreement between the parties;

   c) Court review of arbitration awards is extremely limited, and Arbitrator Duff's award is within the settled mandates of the United States Supreme Court, as well as the decisions of the United States Court of Appeals for the Third Circuit and this Court, under the *Steelworkers Trilogy* and its progeny.

**WHEREFORE,** Counterclaim Plaintiff requests:

   a) That this Court issue declaratory and injunctive relief enforcing the Award of Arbitrator James C. Duff;

   b) That Counterclaim Plaintiff be awarded its attorney's fees and costs in bringing this action to enforce a binding arbitration award; and,

   c) That this Court grant such other relief as may be just and proper.

Respectfully submitted,

/s/ Marianne Oliver
Marianne Oliver, Esquire
PA I.D. #46463
GILARDI, OLIVER & LOMUPO
223 Fourth Avenue, 10th Floor
Pittsburgh, PA 15222
(412) 391-9770 – phone
(412) 232-3084 – fax
moliver@lawgol.com

Date:   January 24, 2014

## CERTIFICATE OF SERVICE

I certify that on January 24, 2014, I served Answer and Counterclaim for Enforcement of Arbitration Award upon the following via the Court's electronic filing service:

Douglas Smith, Esquire
Jackson Lewis LLP
One PPG Place, 28th Floor
Pittsburgh, PA 15222

Respectfully submitted,

/s/ Marianne Oliver
Marianne Oliver, Esquire
PA I.D.# 46463
GILARDI, OLIVER & LOMUPO
223 Fourth Avenue, 10th Floor
Pittsburgh, PA 15222
(412) 391-9770 – phone
(412) 232-3084 – fax
moliver@lawgol.com